IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND,

                                                     OPINION and ORDER

                Plaintiff,

                                                     10-cv-292-bbc

      v.

WILLIAM POLLARD, DR. R. MCQUEENEY,
DR. RICHARD HEIDORN, R.N. JEANANNA
ZWIERS, JOHN DOE DIRECTOR,
JAMES E. DOYLE and RICK RAEMISCH,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Dwayne Almond, a prisoner at the Green Bay Correctional Institution, has filed an action under 42 U.S.C. § 1983 in which he alleges that he is being denied his medication for treatment of serious mental health problems. Along with his complaint, he has filed a "motion to hold the case in abeyance," raising the question whether he exhausted his administrative remedies before filing this complaint. After considering the administrative materials submitted by plaintiff, I will deny his motion to hold the case in abeyance and dismiss the present case without prejudice for his failure to exhaust his administrative remedies, but give him an opportunity to proceed with his claims in a new case.

1

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, Woodford v. Ngo, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," Porter v. Nussle, 534 U.S. 516, 524 (2002).

Wisconsin inmates have access to an administrative grievance system governed by the procedures set out in Wis. Admin. Code §§ DOC 310.01-310.18. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner. Wis. Admin. Code §§ DOC 310.07(1) & 310.09. An institution complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements, recommend to the appropriate reviewing authority (the warden or the warden's designee) that the complaint be granted or dismissed, or direct the inmate to attempt to resolve the complaint informally before filing a formal complaint. Wis. Admin. Code §§ DOC 310.07(2), 310.09(4).

Once the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. Wis. Admin. Code § DOC 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal to a corrections complaint examiner, who is required to conduct an additional investigation when

appropriate, and make a recommendation to the Ssecretary of the Wisconsin Department of Corrections. Wis. Admin. Code § DOC 310.13. Usually, the Secretary must accept the recommendation in whole or with modifications, reject it and make a new decision or return it for further investigation within ten working days following receipt of the corrections complaint examiner's recommendation. Wis. Admin. Code § DOC 310.14. Alternatively, the Secretary may extend the time for making a decision for cause upon notice to the inmate. Id.

It appears from the administrative materials provided by plaintiff that his complaint about his medication was received by the institution complaint examiner on April 19, 2010. The institution complaint examiner returned the complaint to plaintiff, stating that he first had to attempt to resolve the problem informally with Health Services Unit manager. The complaint examiner included a letter for plaintiff to give to the manager. Instead of contacting the Health Services Unit manager directly, plaintiff submitted a standard health service request to a nurse. Plaintiff refiled his inmate complaint with the institution complaint examiner on April 21, 2010. The institution complaint examiner recommended dismissing the complaint "with modification" (the modification being that the Health Services Unit manager be sent a copy of plaintiff's complaint). Plaintiff appealed, and on April 30, 2010, the reviewing authority dismissed the complaint with modification. Plaintiff appealed to the corrections complaint examiner, who recommended dismissing the complaint on May 6, 2010.

Plaintiff appealed this decision to the office of the Secretary. On May 20, the

Secretary extended the time for deciding the appeal. On June 1, 2010, before the Secretary decided the appeal, plaintiff filed his original complaint in this action. On June 15, 2010, the office of the Secretary dismissed plaintiff's complaint.

I conclude that plaintiff failed to exhaust his administrative remedies because he did not wait for the Secretary's decision before filing his complaint. Perhaps sensing that he jumped the gun, plaintiff filed a motion seeking to hold the case "in abeyance" pending resolution of the administrative proceedings. However, prisoners must exhaust administrative remedies *before* filing civil suit and may not complete the grievance process while litigation in federal court is pending. Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004). Therefore, I will deny his motion and dismiss the case without prejudice.

Usually dismissal without prejudice would mean that plaintiff would be given a chance to refile his complaint. However, on June 21, 2010, following the office of the Scretary's dismissal of his complaint, plaintiff filed a copy of his complaint. It seems likely that plaintiff did so in an effort to refile his claims following his full exhaustion. Unfortunately, I cannot consider his claims under the current case number because his claims in this case have been dismissed without prejudice. His claims can be considered under a new case number, but plaintiff should be aware that he will owe a new $350 filing fee if he wants the court to do so. Accordingly, I will give plaintiff a chance to confirm that he wishes to have the court consider his June 21, 2010 complaint under a new case number.

ORDER

IT IS ORDERED that

1.  Plaintiff Dwayne Almond's motion to hold this case in abeyance is DENIED and this case is DISMISSED without prejudice.  The clerk of court is directed to close the case.

2.  Plaintiff will have until August 17, 2010, in which to inform the court whether he wishes to have the court consider his June 21, 2010 complaint under a new case number.

Entered this 5th day of August, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge